IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNDRAY C. WEBB | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
| vs. | )   Case No. 20-CV-637-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|         Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On June 29, 2020, Petitioner Undray C. Webb filed a Habeas Petition Under 28 U.S.C. § 2255 challenging his sentence based on the Supreme Court's decision in *United States v. Davis*, finding that the "residual" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S.Ct. 2319 (2019) (Doc. 1). For the following reasons, Webb's petition is **DISMISSED**.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Webb's petition reveals that it is subject to dismissal as an unauthorized second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review."

*Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Webb previously filed a § 2255 petition that was dismissed with prejudice (*see Webb v. United States*, Case No. 17-cv-1139-SMY). As such, the instant Petition is his second attempt at relief under § 2255 and requires prior approval from the Seventh Circuit Court of Appeals. Webb sought and was denied permission from the Seventh Circuit to file a second or successive § 2255 petition (*See United States v. Webb*, 15-cr-30016-SMY, Doc. 369), and therefore, this Court is without jurisdiction to consider the pending petition. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, Webb's June 29, 2020 Habeas Petition Under 28 U.S.C. § 2255 (Doc. 1) is dismissed for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show

"something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, because Webb did not receive permission to file a successive § 2255 petition, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  August 3, 2020**

**STACI M. YANDLE**
**United States District Judge**